UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE JOHNSON and PAULINE JOHNSON, | Case No. 17-CV-1254 (PJS/HB) |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF RICHFIELD and HENNEPIN COUNTY, | |
| Defendants. | |

Clarence Johnson and Pauline Johnson, pro se.

Elizabeth C. Broodeen-Kou and Mary D. Tietjen, KENNEDY & GRAVEN CHARTERED, for City of Richfield.

Frederick J. Sheriden, HENNEPIN COUNTY ATTORNEY'S OFFICE, for Hennepin County.

In 2016, defendant Hennepin County (the "County") purchased the residential property of plaintiffs Clarence and Pauline Johnson in order to expand the roadways in Richfield. ECF No. 1, Ex. B. The County paid the Johnsons $225,000 for their home—an amount that exceeded what the Johnsons' own appraiser said was fair market value—and the Johnsons used the money to purchase a new home. *Id.*, Exs. C, H, I. As part of the purchase agreement, the County also agreed to pay the Johnsons an interest differential to compensate for the higher interest rate on their new mortgage; to relocate

the Johnsons' gazebo, whirlpool tub, and certain appliances to their new home; and to install a freestanding shed and accessibility ramp at their new home.  *Id.*, Ex. C.

After growing dissatisfied with the terms of the sale and with the County's performance under the contract, the Johnsons filed a complaint alleging that the County[1] had taken their property without paying just compensation in violation of the Fifth Amendment to the U.S. Constitution.  The Johnsons also asserted a number of state-law claims, including claims that the County had breached the terms of the purchase agreement.  ECF No. 1.  After the County moved to dismiss the Johnsons' complaint, ECF Nos. 16, the Johnsons moved for judgment on the pleadings and asked for leave to amend their complaint, ECF Nos. 10, 32, 43, 55.

In a Report and Recommendation ("R&R") dated December 5, 2017, Magistrate Judge Hildy Bowbeer recommended granting the County's motion to dismiss, denying the Johnsons' motions for judgment on the pleadings, and denying the Johnsons' requests to amend their complaint.  ECF No. 62.  This matter is before the Court on the Johnsons' objection to the R&R.  ECF No. 63.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Based on that review, the Court overrules the Johnsons' objection, adopts the R&R, and dismisses the action.

---

[1]The Johnsons also sued the City of Richfield.  But the Johnsons allege no facts plausibly suggesting that the City of Richfield was responsible for any of the allegedly illegal acts of which they complain.  Thus, the Court will discuss only the Johnsons' allegations regarding the County.

The Johnsons' only federal claim is that the County took their private property for public use without paying just compensation in violation of the Takings Clause of the Fifth Amendment.  To succeed on their claim, the Johnsons would have to prove that (1) the County took their property; (2) the County did not pay the Johnsons just compensation for that property; and (3) the Johnsons exhausted their state-law remedies.  The Johnsons can prove none of these things.

First, the County did not take the Johnsons' property.  The County informed the Johnsons that it *planned* to take their property through eminent-domain proceedings, but those proceedings turned out to be unnecessary because the Johnsons (who were represented by counsel) agreed to sell their property to the County.  At that point, the matter "passed out of the range of the Fifth Amendment." *Albrecht v. United States*, 329 U.S. 599, 603 (1947).  Because the County did not *take* the Johnsons' property but instead *purchased* that property, the County's obligations to the Johnsons are measured not by the Takings Clause, but by the terms of their contract.  *See DeNaples v. C.I.R.*, 674 F.3d 172, 179 (3d Cir. 2012) ("The DeNaples and Pennsylvania created an agreement completely separate from the judicial process and the constitutional requirement of just compensation, as such the parties' rights and obligations are defined solely by the agreement's terms.").  The Johnsons might have a viable breach-of-contract claim

against the County under Minnesota law, but they do not have a viable takings claim against the County under federal law.

Second, even if the County *had* taken the Johnsons' property, the Johnsons would not have a plausible claim that they did not receive just compensation. The County's appraiser estimated the value of the Johnsons' property as $196,000. The Johnsons' appraiser estimated the value of the property as $210,000. The County paid the Johnsons $225,000. Under the circumstances, it is difficult to know how the compensation received by the Johnsons could possibly be found "unjust."

Finally, even if the County had taken the Johnsons' property, and even if the Johnsons could show that the compensation they received was unjust, the Johnsons would have to show that they "exhausted any available state procedure for seeking just compensation and been denied it." *Snaza v. City of Saint Paul*, 548 F.3d 1178, 1181 (8th Cir. 2008). The Johnsons cannot make this showing, as they did not commence any state proceedings against the County.

For these reasons, the Court agrees with Judge Bowbeer that the Johnsons' federal claim must be dismissed with prejudice. And, for the reasons described by Judge Bowbeer, the Court declines to exercise supplemental jurisdiction over the Johnsons' state-law claims. If they wish, the Johnsons may pursue their state-law claims in state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objection [ECF No. 63] and ADOPTS the R&R [ECF No. 62]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss [ECF Nos. 11, 16] are GRANTED.

2. Plaintiffs' claim that defendants violated the Fifth Amendment of the United States Constitution is DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. All other claims of plaintiffs are DISMISSED WITHOUT PREJUDICE.

4. Plaintiffs' motions for judgment on the pleadings [ECF Nos. 32, 43] are DENIED.

5. Plaintiffs' requests to amend their complaint [ECF Nos. 10, 55] are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 22, 2018        s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge